CAUSE NO. C-3506-21-F

| | | |
|---|---|---|
| DAVID COLUNGA MARTINEZ | § § § | IN THE DISTRICT COURT |
| | § | 332ND JUDICIAL DISTRICT |
| v. | § § | |
| ENILDO GONZALEZ CALZADILLA AND SHORY EXPRESS LLC | § § | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

David Colunga Martinez ("Plaintiff") files this First Amended Original Petition complaining of Defendants, Enildo Gonzalez Calzadilla ("Gonzalez Calzadilla") and Shory Express LLC ("Shory Express"), and for cause of action would show the following:

## I.
## DISCOVERY CONTROL PLAN

Plaintiff alleges that discovery is intended to be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## II.
## PARTIES

Plaintiff, David Colunga Martinez, is an individual who resides in Hidalgo County, Texas.

Defendant, Enildo Gonzalez Calzadilla, is an individual who resides in Miami, Dade County, Florida, who may be served with process by serving citation and a copy of this First Amended Original Petition by Certified Mail Return Receipt Requested upon the Secretary of State as follows:

**Exhibit A**

Ms. Ruth R. Hughs
Texas Secretary of State
Service of Process
Secretary of State
P.O. Box 12079
Austin, Texas 78711-2079

c/o
Enildo Gonzalez Calzadilla
19555 SW 134th Avenue
Miami, FL 33177

Defendant, Shory Express LLC, is a Florida Limited Liability Company doing business in the State of Texas, which may be served with process by serving citation and a copy of this First Amended Original Petition by Certified Mail Return Receipt Requested upon the Secretary of State as follows:

Ms. Ruth R. Hughs
Texas Secretary of State
Service of Process
Secretary of State
P.O. Box 12079
Austin, Texas 78711-2079

c/o
Learsse Ruiz
Registered Agent for
Shory Express LLC
45 NW 85 PL., Apt. #3
Miami, FL 33126

## III.
## JURISDICTION

The court has jurisdiction since the accident giving rise to Plaintiff's claims occurred in Texas and because the damages are within the jurisdictional limits of the court.

**Exhibit A**

## IV.
## VENUE

Venue is proper in Hidalgo County, Texas, pursuant to Texas Civil Practice and Remedies Code Section 15.002( a)( 1) in that all or a substantial part of the acts and/or omissions took place in Hidalgo County, Texas.

## X.
## FACTS

On or about November 12, 2020, Plaintiff, David Colunga Martinez, was driving a Chevrolet Impala eastbound on 100 West Independence Street in Edinburg, Hidalgo County, Texas.

Plaintiff was exiting his workplace and was attempting to turn right onto the frontage road and was approaching a stop sign located at the 100 block of Independence Street.

Defendant Enildo Gonzalez Calzadilla, in the course and scope of his employment for Shory Express LLC, was driving his employer's 18-wheeler, pulling a trailer directly in front of Plaintiff's vehicle and was also approaching the stop sign.

Plaintiff noticed that the 18-wheeler being driven by Gonzalez Calzadilla was parked on the road and the driver exited his vehicle. Plaintiff then proceeded to turn right when the 18-wheeler being driven by Gonzalez Calzadilla suddenly began to move, overtook the lane, and passed Plaintiff's vehicle with insufficient clearance causing a violent collision that pinned

**Exhibit A**

Plaintiff's vehicle against the curb.

Plaintiff was seriously injured in the collision.

## XI.
## ORDINARY NEGLIGENCE OF DEFENDANT GONZALEZ CALZADILLA

The collision described above, and the resulting injuries and damages suffered by Plaintiff, were actually and proximately caused by Defendant Enildo Gonzalez Calzadilla's negligence in one or more of the following acts or omissions:

    A.    Failing to maintain a proper lookout;

    B.    Driving while distracted or inattentive;

    C.    Turning unsafely;

    D.    Failing to take proper evasive action to avoid the collision; and

    E.    Failing to maintain control of his vehicle.

## XII.
## NEGLIGENCE PER SE OF DEFENDANT GONZALEZ CALZADILLA

Defendant Enildo Gonzalez Calzadilla's unsafe driving violated the following provisions of the Texas Transportation Code, which constitutes negligence per se:

    A.    Turning his vehicle to the right on a roadway when the movement could not be made safely, in violation of § 545.103 of the Texas Transportation Code;

    B.    Failing to make a right turn at an intersection by approaching and turning as closely as possible or practicable to the right-hand curb or edge of the roadway, in violation of § 545.101 of the Texas Transportation Code; and

    C.    Driving his vehicle in willful and wanton disregard for the safety of persons and property, in violation of § 545.401(a) of the Texas Transportation Code.

**Exhibit A**

Plaintiff is in the class of persons the Texas Transportation Code was designed to protect, and his injuries are of the type, the statute was designed to prevent. The statute is one for which tort liability may be imposed when violated. Gonzalez Calzadilla violated the statute without excuse. His acts and omissions proximately caused Plaintiff's injuries.

## XIII.
## RESPONDEAT SUPERIOR OF SHORY EXPRESS LLC

Shory Express LLC owned, leased, or controlled the vehicle that Gonzalez Calzadilla was driving at the time of the collision. Gonzalez Calzadilla was Shory Express LLC's employee at that time and was driving its vehicle in the course and scope of his employment.

Shory Express LLC is liable to Plaintiff for Gonzalez Calzadilla's negligence under respondeat superior.

## XIV.
## INDEPENDENT NEGLIGENCE OF SHORY EXPRESS LLC

Shory Express LLC owed Plaintiff (and other members of the public) a legal duty to hire, train, supervise, and retain competent employees. Shory Express LLC breached its duty by failing to use ordinary care when hiring, training, supervising, and retaining Gonzalez Calzadilla. Shory Express LLC negligently entrusted its commercial motor vehicle to Gonzalez Calzadilla, who was not qualified to drive it because he did not have the knowledge and skills or the experience and training necessary to safely operate it. Gonzalez

**Exhibit A**

Calzadilla committed an actionable tort in the course and scope of his employment for Shory Express LLC.

Plaintiff's damages were proximately caused by the negligence of Shory Express LLC.

## X.
## DAMAGES

As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered serious personal injuries. Plaintiff's damages exceed the minimum jurisdictional limit of this Court, and include,

    A.    past, present, and future medical bills;

    B.    past, present, and future physical pain and mental anguish;

    C.    past, present, and future physical impairment;

    D.    past, present, and future disfigurement; and

    E.    lost earnings in the past, and/or lost earnings capacity in the future.

## XI.
## GROSS NEGLIGENCE OF SHORY EXPRESS LLC

After conducting discovery, Plaintiff reserves the right to allege that the conduct of Shory Express LLC involved a high degree of risk, considering the probability and magnitude of potential harm to others, and that Shory Express LLC was subjectively aware of the risks that resulted from its choices, but nonetheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiff reserves the right to sue Shory Express LLC for exemplary damages in an amount to be left to the sole province of the jury, to

**Exhibit A**

discourage future acts of such nature.

## XII.
## RULE 47 STATEMENT

The damages sought by Plaintiff are within the jurisdictional limits of the court. Plaintiff seeks monetary relief over $1million. The maximum amount Plaintiff will claim will not exceed $2 million.

## XIII.
## PREJUDGEMENT INTEREST

Plaintiff seeks pre-judgment interest on the past damages found by the trier of fact.

## XIV.
## JURY DEMAND

Plaintiff demands a trial by jury and has tendered the jury fee.

## XV.
## RULE 193.7 NOTICE

Pursuant to Tex. R. Civ. P. 194.2(b), Plaintiff gives notice that he will use at trial any and all documents produced by the Defendants in response to written discovery in this case.

## XVI.
## INITIAL DISCLOSURES

The Defendants must disclose, within 30-days after the filing of the first answer or general appearance, unless a different time is set by the parties' agreement or court order, the material and information described in Tex. R. Civ. P. 194.2(b).

**Exhibit A**

**PRAYER**

WHEREFORE, Plaintiff prays that, on final trial, Plaintiff has:

1. Judgment against Defendants for damages in a sum in excess of the minimum jurisdictional limits of the court;
2. Pre-judgment interest;
3. Post-judgment interest;
4. Costs of suit; and
5. All such other relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

LAW OFFICES OF EZEQUIEL REYNA, JR.

Ezequiel Reyna, Jr.
State Bar No. 16794798
lsmiguel@zreynalaw.com
dolivarez@zreynalaw.com
esmer@zreynalaw.com
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556
(956) 969-0492 Fax
ATTORNEY FOR PLAINTIFF

**Exhibit A**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Linda San Miguel on behalf of Ezequiel Reyna
Bar No. 16794798
lsmiguel@zreynalaw.com
Envelope ID: 59636378
Status as of 12/2/2021 1:15 PM CST

Associated Case Party: David Colunga Martinez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Linda San Miguel | | lsmiguel@zreynalaw.com | 12/2/2021 11:28:19 AM | SENT |
| Desi Olivarez | | dolivarez@zreynalaw.com | 12/2/2021 11:28:19 AM | SENT |
| Esmeralda Cardenas | | esmer@zreynalaw.com | 12/2/2021 11:28:19 AM | SENT |

**Exhibit A**